UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHADRICK VASHON PRAY,

    Plaintiff,

v.                              Case No. 3:16-cv-180-J-34JBT

OLUGBENGA ADELEKE OGUNSANWO,
et al.,

    Defendants.
_____

**ORDER**

**I. Status**

Plaintiff Chadrick Vashon Pray, an inmate of the Florida penal system, initiated this action on February 24, 2016, by filing a Civil Rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. He filed an Amended Complaint (Doc. 11) on May 16, 2016, a Second Amended Complaint (Doc. 20) on September 29, 2016, and a Third Amended Complaint (TAC; Doc. 30) on March 27, 2017. In the TAC, Pray names the following Defendants: (1) Olugbenga Adeleke Ogunsanwo, an Assistant Secretary of Health Services for the Florida Department of Corrections (FDOC); (2) Nurse Pollard, a licensed practical nurse at Florida State Prison (FSP); (3) Nurse D. Varghese, an advanced registered nurse practitioner at FSP; and (4) John Does 1 through 5. He asserts that Defendants Pollard and Varghese denied him pain medication (Lortab) that Dr. Contarini,

M.D., prescribed for him after the removal of a lipoma on August 2, 2016. As relief, he requests compensatory and punitive damages.

This matter is before the Court on Defendants Nurse Pollard and Nurse Varghese's Motion to Dismiss Plaintiff's Third Amended Complaint (Motion; Doc. 49) and Defendant Ogunsanwo's Motion to Dismiss (Ogunsanwo's Motion; Doc. 36). The Court advised Pray that granting a motion to dismiss would be an adjudication of the case that could foreclose subsequent litigation on the matter, and gave him an opportunity to respond. See Orders (Docs. 34, 44, 50, 51, 53, 54). Plaintiff filed his response in opposition to the motions. See Plaintiff's Response to Order to Show Cause (Response; Doc. 55). Defendants' motions are ripe for review.

## II. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003)(per curiam). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should

"'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556); see Miljkovic v. Shafritz & Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (citation and footnote omitted). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

The Eleventh Circuit has stated:

> To survive a motion to dismiss, [plaintiff]'s complaint must have set out facts sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This means he must have alleged "factual content that allow[ed] the court to draw the reasonable inference that the defendant[s] [were] liable for the misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The allegations must be plausible, but plausibility is not probability. See id.

Lane v. Philbin, 835 F.3d 1302, 1305 (11th Cir. 2016).

### III. Third Amended Complaint[1]

Pray asserts that, on August 2, 2016, Dr. Contarini removed a lipoma from his neck and prescribed Lortab for post-surgical pain. See TAC at 10-11, ¶¶ 57, 58. He states that Defendants Pollard and Varghese interfered with Dr. Contarini's prescribed treatment. See id. at 11, ¶ 59. He alleges:

---

[1] The TAC is the operative pleading. In considering a motion to dismiss, the Court must accept all factual allegations in the TAC as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Miljkovic v. Shafritz and Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (quotations and citations omitted). As such, the recited facts are drawn from the TAC and may differ from those that ultimately can be proved. Additionally, because this matter is before the Court on motions to dismiss filed by Ogunsanwo, Pollard, and Varghese, the Court's recitation of the facts will focus on Pray's allegations as to these Defendants.

4

> On August 2, 2016 Defendant Pollard and
> Defendant Var[g]hese intentionally denied and
> interfered with prescribed treatment of pain
> medication, i.e. "Lortab," b[y] discontinuing
> the medication and never providing it to [him]
> as prescribed by Dr. Contarini, M.D.

Id. As to Defendant Ogunsanwo, Pray does not mention him in the TAC. He neither alleges any facts involving Ogunsanwo nor asserts any claims against him.

### IV. Summary of the Arguments

In the Motion, Defendants Pollard and Varghese assert that Pray's Eighth Amendment claims against them should be dismissed because: (1) Pray failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), before filing the 42 U.S.C. § 1983 lawsuit, see Motion at 7-10, and (2) a lipoma is not a serious medical need, and Pollard and Varghese could not have denied him Lortab following the August 2nd surgery because they did not work at the prison where he was incarcerated at that time, see id. at 7. In response to Defendants' Motion, Pray maintains that he exhausted his administrative remedies, see Response at 4. Additionally, he opposes Defendants' assertion that they did not work at the prison where he was incarcerated, id. at 3, and states it is his "understanding" that no one can "veto" a physician's prescribed treatment, id. As such, Pray requests that the Court deny the Motion. See id. at 4.

In Ogunsanwo's Motion, Defendant Ogunsanwo asserts that: (1) the Court should dismiss him because Pray neither asserts any

claims against him, alleges any facts involving him, nor seeks relief against him, see Ogunsanwo's Motion at 1-2; (2) he is entitled to qualified immunity and a dismissal with prejudice, see id. at 2-3; and (3) Pray fails to state a claim on which relief may be granted, see id. at 3 (citing 28 U.S.C. § 1915(e)(2)(B)(ii)). In response, Pray states that he names Ogunsanwo as a defendant "due to his administrative position in the chain of command" because he needs Ogunsanwo to help identify John Does 1 through 5. Response at 2. He explains:

> Though [Ogunsanwo] didn't cause actual injury to the Plaintiff, to dismiss Defendant Ogunsanwo at this pre-discovery stage would thwart my efforts to discovery and develop my claims which will necessitate a trial by jury . . . .

Id. at 2-3. As such, Pray states that Ogunsanwo "should not be dismissed until after [a] full and fair discovery process," and requests that the Court deny Ogunsanwo's Motion. Id. at 3, 4.

### V. Exhaustion of Administrative Remedies

Exhaustion of available administrative remedies is required before a 42 U.S.C. § 1983 action with respect to prison conditions may be initiated in this Court by a prisoner. See 42 U.S.C. § 1997e(a). Nevertheless, a prisoner such as Pray is not required to plead exhaustion. See Jones v. Bock, 549 U.S. 199, 216 (2007). Instead, the United States Supreme Court has recognized "failure to exhaust is an affirmative defense under the PLRA[.]" Id. Notably, exhaustion of available administrative remedies is "a precondition

6

to an adjudication on the merits" and is mandatory under the PLRA. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008); Jones, 549 U.S. at 211; Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") (citation omitted). Not only is there an exhaustion requirement, "the PLRA exhaustion requirement requires proper exhaustion." Woodford, 548 U.S at 93.

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Pozo,[2] 286 F.3d, at 1024. . . .

Id. at 90. And, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." Id. As such, the United States Supreme Court has emphasized:

> Courts may not engraft an unwritten "special circumstances" exception onto the PLRA's exhaustion requirement. The only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are "available."

Ross v. Blake, 136 S.Ct. 1850, 1862 (2016).

---

[2] Pozo v. McCaughtry, 286 F.3d 1022 (7th Cir. 2002).

7

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant, 530 F.3d at 1374. The Eleventh Circuit has explained the two-step process that the Court must employ when examining the issue of exhaustion of administrative remedies.

> After a prisoner has exhausted the grievance procedures, he may file suit under § 1983. In response to a prisoner suit, defendants may bring a motion to dismiss and raise as a defense the prisoner's failure to exhaust these administrative remedies. See Turner, 541 F.3d at 1081.[3] In Turner v. Burnside we established a two-step process for resolving motions to dismiss prisoner lawsuits for failure to exhaust. 541 F.3d at 1082. First, district courts look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true. The court should dismiss if the facts as stated by the prisoner show a failure to exhaust. Id. Second, if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust. Id. at 1082–83; see also id. at 1082 (explaining that defendants bear the burden of showing a failure to exhaust).

Whatley v. Warden, Ware State Prison, 802 F.3d 1205, 1209 (11th Cir. 2015); see Pavao v. Sims, 679 F. App'x 819, 823-24 (11th Cir. 2017) (per curiam).

---

[3] Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008).

In the Complaint, Pray asserts that Defendants Pollard and Varghese interfered with Dr. Contarini's prescribed treatment on August 2, 2016. Defendants Pollard and Varghese maintain that the Court should dismiss the claims against them because Pray failed to exhaust his administrative remedies, as required by the PLRA, before filing the 42 U.S.C. § 1983 lawsuit. They state:

> According to the Complaint, Pray never filed a grievance regarding Pollard or Varghese, or any events relative to August 2016. Instead, his long list of grievances ends with one filed January 11, 2016 and denied February 15, 2016 [ECF #30, ¶¶ 51-52]. By his own allegations, signed under penalty of perjury, he grieved nothing that occurred in August 2016. The process was obviously available, as he filed other grievances regarding the incident. According to settled law, this claim should go no further.

Motion at 10. In response to Defendants' Motion, Pray states he filed "all necessary" grievances to exhaust his administrative remedies. Response at 4. Neither the Defendants nor Pray provides any exhibits in support of their positions.

As to the initial step in the two-part process for deciding motions to dismiss for failure to exhaust under the PLRA, the Eleventh Circuit has instructed:

> District courts first should compare the factual allegations in the motion to dismiss and those in the prisoner's response and, where there is a conflict, accept the prisoner's view of the facts as true. "The

> court should dismiss if the facts as stated by
> the prisoner show a failure to exhaust." Id.[4]

Pavao, 679 F. App'x at 823-24. Accepting Pray's responsive assertion (that he filed the required grievances) as true, a dismissal is not warranted. As to the second step in the two-part procedure, the Defendants bear the burden of proving that Pray failed to exhaust his available administrative remedies as to Pray's Eighth Amendment claims against them. See Turner, 541 F.3d at 1082 (citation omitted). As they have provided no evidence, they have not met their burden. As such, Defendants' Motion as to exhaustion is due to be denied.

### VI. Eighth Amendment Deliberate Indifference

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr.,

---

[4] Whatley, 802 F.3d at 1209.

508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendants.

The Eleventh Circuit has explained the requirements for an Eighth Amendment violation.

> "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones . . . ." Farmer, 511 U.S. at 832, 114 S.Ct. at 1976 (internal quotation and citation omitted).[5] Thus, in its prohibition of "cruel and unusual punishments," the Eighth Amendment requires that prison officials provide humane conditions of confinement. Id. However, as noted above, only those conditions which objectively amount to an "extreme deprivation" violating contemporary standards of decency are subject to Eighth Amendment scrutiny. Hudson, 503 U.S. at 8-9, 112 S.Ct. at 1000.[6] Furthermore, it is only a prison official's subjective deliberate indifference to the substantial risk of serious harm caused by such conditions that gives rise to an Eighth Amendment violation. Farmer, 511 U.S. at 828, 114 S.Ct. at 1974 (quotation and citation omitted); Wilson, 501 U.S. at 303, 111 S.Ct. at 2327.[7]

Thomas v. Bryant, 614 F.3d 1288, 1306-07 (11th Cir. 2010). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective

---

[5] Farmer v. Brennan, 511 U.S. 825 (1994).

[6] Hudson v. McMillian, 503 U.S. 1 (1992).

[7] Wilson v. Seiter, 501 U.S. 294 (1991).

and a subjective inquiry." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (quoting Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)). First, the plaintiff must satisfy the objective component by showing that he had a serious medical need. Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007).

> "A serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (citing Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). In either case, "the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." Id. (citation and internal quotations marks omitted).

Brown, 387 F.3d at 1351.

Next, the plaintiff must satisfy the subjective component, which requires the plaintiff to "allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." Richardson, 598 F.3d at 737 (describing the three components of deliberate indifference as "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence.") (citing Farrow, 320 F.3d at 1245); Lane, 835 F.3d at 1308 (setting forth the three components) (citing Farrow, 320 F.3d at 1245).

> In Estelle[8], the Supreme Court established that "deliberate indifference"

---

[8] Estelle v. Gamble, 429 U.S. 97 (1976).

12

> entails more than mere negligence. Estelle, 429 U.S. at 106, 97 S.Ct. 285; Farmer, 511 U.S. at 835, 114 S.Ct. 1970. The Supreme Court clarified the "deliberate indifference" standard in Farmer by holding that a prison official cannot be found deliberately indifferent under the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837, 114 S.Ct. 1970 (emphasis added). In interpreting Farmer and Estelle, this Court explained in McElligott[9] that "deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott, 182 F.3d at 1255; Taylor,[10] 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need").

Farrow, 320 F.3d at 1245-46. Notably, the Supreme Court has stated that a plaintiff may demonstrate the deliberate indifference of prison officials by showing that they intentionally interfered with prescribed treatment or intentionally denied access to medical care. See Estelle, 429 U.S. at 104-05.

Defendants Pollard and Varghese seek dismissal of Pray's Eighth Amendment claims against them, arguing that Pray fails to provide sufficient facts that would entitle him to relief. Viewing

---

[9] McElligott v. Foley, 182 F.3d 1248 (11th Cir. 1999).

[10] Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000).

13

the facts in the light most favorable to Pray, as the Court must, the Court is not so convinced. Pray has alleged facts sufficient to state a plausible claim under the Eighth Amendment. In reaching this conclusion, the Court observes that Pray asserts that Pollard and Varghese refused to follow a physician's prescribed pain treatment following the surgical removal of the lipoma, which had grown to over five centimeters, increased in pain, and caused limited neck movement. See Qamar v. C.I.A., 489 F. App'x 393, 396 (11th Cir. 2012) (per curiam) (citing Washington v. Dugger, 860 F.2d 1018, 1021 (11th Cir. 1988)). The Court declines to find that these allegations if proven would fail to state a plausible claim for a violation of the Eighth Amendment. As such, Defendants' Motion is due to be denied as to Pray's Eighth Amendment claims against them.

In Ogunsanwo's Motion, Defendant Ogunsanwo maintains that the Court should dismiss him because Pray neither asserts any claims against him, alleges any facts involving him, nor seeks any relief against him. See Ogunsanwo's Motion at 1-2. In response, Pray acknowledges that Ogunsanwo did not injure him. See Response at 2. According to Pray, he names Ogunsanwo as a defendant because he believes that Ogunsanwo can help him identify John Does 1 through 5. See id. at 2-3.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing

that the pleader is entitled to relief." To avoid dismissal for failure to state a claim on which relief can be granted, a complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679.

Pray is proceeding pro se in this action. The Eleventh Circuit has stated:

> A pro se pleading is held to a less stringent standard than a pleading drafted by an attorney; a pro se pleading is liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). Even so, a pro se pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis.

Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). Pray's TAC unquestionably fails to state a claim to relief that is plausible on its face as to Ogunsanwo. Pray supplies no facts, much less sufficient facts to state any claim against this Defendant. As such, Ogunsanwo's Motion is due to be granted as to Pray's Eighth Amendment claim against him.[11]

---

[11] Defendant Ogunsanwo also asserts that he is entitled to qualified immunity. See Ogunsanwo's Motion at 2-3. Because the Court finds that Pray fails to state any claim against Ogunsanwo, it need not address Ogunsanwo's assertion that he is entitled to qualified immunity.

Therefore, it is now

**ORDERED**:

1. Defendants Pollard and Varghese's Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 49) is **DENIED.**

2. Defendant Ogunsanwo's Motion to Dismiss (Doc. 36) is **GRANTED**.

3. Defendant Ogunsanwo is **DISMISSED** from the action. The Clerk shall terminate him as a Defendant.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of March, 2018.

*MARCIA MORALES HOWARD*
United States District Judge

sc 3/6
c:
Chadrick Vashon Pray, FDOC #777541
Counsel of Record

16